REUBEN PAGE, NEHEMIAH LOVEWELL, MOSES SAWYER AND GOULDSBORN TAPLIN, JR. *v.* CHARLES C. P. BALDWIN.

*Recognizance to trustees.*

A recognizance taken to each of two or more persons summoned as trustees cannot be sued in the names of all of them jointly, though a joint judgment of discharge, and for the recovery of their costs (which were collectively taxed) was entered in their favor.

Page et als. *v.* Baldwin.

The judgment discharging persons summoned as trustees is, in legal effect, several, and should be so in form.

DEBT ON A RECOGNIZANCE. The plaintiffs declared that in a suit pending in the county court, for the county of Orange, in favor of J. & J. H. Peck & Co. against John Merrill as principal defendant, and the plaintiffs as his trustees, on the third Tuesday of January, 1853, the defendant in said court " acknowledged himself to owe and bound unto each of the plaintiffs in a recognizance in the sum of one hundred dollars, being in all to the said plaintiffs the sum of four hundred dollars, which said sum of one hundred dollars to each of said plaintiffs, the defendant did for himself and his heirs covenant and grant to be levied of his lands and chattels," &c., upon this condition, that " the said J. & J. H. Peck & Co. should answer and pay all damages occasioned to the said plaintiffs herein, if judgment in said court should happen to be given in favor of the plaintiffs herein," and that in said suit such proceedings were had that "judgment was given by said court for the said plaintiffs herein, against the said J. & J. H. Peck & Co., discharging the said plaintiffs herein as trustees as aforesaid, with their costs in that behalf; and the said plaintiffs herein, by the consideration of said court, recovered judgment against the said J. & J. H. Peck & Co., for the sum of two hundred and fifty-two dollars and fifteen cents, for their costs and charges in that behalf sustained," and that said costs had never been paid, &c.

To the declaration, a general statement only of which is above given, but sufficient to present the questions which were raised respecting it, the defendant demurred. The county court, June Term, 1856,—POLAND, J., presiding,—adjudged the declaration insufficient, to which the plaintiffs excepted.

*C. W. Clark*, for the plaintiff.

Though the recognizance is in its terms several, the interest it was intended to secure as well as the terms of the condition are joint. That the plaintiffs were jointly interested, appears from the fact that they were jointly summoned, and the judgment rendered by the court as to the trustees was a joint judgment.

The rule that a joint and several covenant must be construed to be joint where the interest is joint, and several where the interest

is several, seems well supported by the cases ; *Owston* v. *Ogle*, 13 East. 538 ; and when the interest of the covenantees is joint, the right of recovery is so ; Gould Plead. iv. 58.

In 4 Dane Ab. 55, it is said, " if the covenant be joint, yet if the interest-be several, the covenant shall be taken to be several, and though the covenant be joint and several, yet if the interest be joint, the action must be so too." In 2 Steph. N. P. 1132, it ·is said : If the words be joint, but the interest several, the action may be either joint or several, at the option of the covenantees, joint in respect of the express contract, and several in respect of the interest. In *Eble* v. *Purdy*, 6 Wend. 629, the bond was executed to two, and the suit was brought upon it in the name of one, the plaintiff claiming that the interest was several. The court said, " A coöbligee may alone maintain an action on a joint bond, where the interest or cause of action is several." In *Ludlow* v. *McCrea*, 1 Wend, 228, LUTHERLAND, J., said, " Covenants are to be construed according to their spirit and intent, and where, from the subject matter of the covenant, it is the evident intent of the parties that they should be taken distributatively, they may be so taken, although there may be no express words of severalty." In *Sharp* v. *Conkling*, 16 Vt. 355, the same doctrine is recognized.

If because the interest is several a joint covenant may be taken as several, it would seem that when the interest might be joint, a several covenant might be taken as joint.

*Ormsby & Farnham*, for the defendant.

From all the authorities on the subject of joint contracts, the following points seem to be well settled. 1. If the contract be in express terms joint, although the interest be several, the action must be joint. 2. If the contract be in terms several, and the interest be joint, the action must be several. 3. If the contract be in its terms joint and several, or so couched as to be obscure in this respect, as to the covenantees, at least, the action must be in favor of the one in interest; Parsons on Contracts, vol. I., 11 to 30 and notes ; *Sharp* v. *Conkling*, 16 Vt. 355. 4. The interest must be such as disclosed by the contract, and not shown *dehors* the instrument; *English* v. *Blundell*, 8 C. & P. 332; *Anderson*

v. *Martindale*, 1 East 497 ; Lord DENMAN, in *Hopkinson* v. *Lee*, 6 Q. B. 971 ; 1 Parsons on Contract 140.

The defendant here was recognized to each trustee in the sum of one hundred dollars. The obligation is several. Is the interest joint? *Non constat.* That the trustees jointly defended, decides nothing. The defendant might have recognized to one, and his recognizance have been rendered available without regard to the others. In this case either might have discharged him without affecting the others.

The opinion of the court was delivered by

ISHAM, J. The recognizance, on which this action is brought, was taken in the prosecution of a suit in favor of J. & J. H. Peck & Co. against John Merrill as principal debtor and these plaintiffs as trustees. In that recognizance the defendant acknowledged himself indebted and bound *unto each of the plaintiffs* in the sum of one hundred dollars, subject to the condition specified in the statute. The plaintiffs, having been discharged as trustees, are entitled to their costs, and to their remedy on this recognizance for the payment of them. It is quite obvious, however, that this joint action cannot be sustained. It is not a recognizance in the sum of four hundred dollars acknowledged to the plaintiffs jointly, as stated in the declaration, but for the sum of one hundred dollars to each of the plaintiffs. Its legal effect is the same as if the recognizance for that sum had been taken separately to each of the plaintiffs by name. In such case it will hardly be contended that a joint action could be sustained for the aggregate amount for which they were separately given. If this recognizance can be considered as having been given for the sum of four hundred dollars, then it is a recognizance for that amount to each of the plaintiffs, for whatever may be the amount, the acknowledgment of indebtedness was to each of them.

The recognizance is not only several in its terms, but it stands as a security for separate interests. It is not averred in the declaration that the plaintiffs were summoned as trustees, in which they were charged as partners, or as being jointly indebted to the principal debtor. We cannot regard it as a fact in the case, therefore, that they were summoned in that capacity. The legal interest in

that recognizance depends not on the form in which the judgment is entered up for the trustees, but upon the statute authorizing the recognizance to be taken, and the matters intended to be secured by it. In a trustee process, the statute, p. 264, sec. 65, provides that the plaintiff shall *give security to the trustee* by way of recognizance, in the same manner as in other cases; and by the 2d and 13th sections, it is provided that the plaintiffs, before service on the principal debtor, may insert the names of every person as trustee having in his hands any effects or credits belonging to the principal defendant. It is immaterial whether that indebtedness arises from simple contract, or under seal, or of record; they may all be joined as trustess in the same process. Some of the trustees may be liable, others not. Each trustee in his defense may present distinct and different issues, and each issue be dependent on other and different testimony, and the taxable costs due to each may and will generally vary in amount. It is upon these grounds that the proceedings are regarded as a distinct and separate matter against each trustee, as much so as if separate suits had been commenced upon their individual indebtedness. For that reason, also, in case the trustees are discharged, or any number of them, separate judgments should be rendered and the costs allowed to each as they have been respectively sustained, and upon that judgment each trustee is entitled to his execution. These principles grow out of the various provisions of the act in relation to the liability of trustees, and for that reason the recognizance should be taken to each trustee, that it may stand as security for the separate judgment for costs, which each may recover.

In this case it appears from the declaration that a joint judgment was rendered in favor of the plaintiffs for their costs; but that is an obvious misprison of the clerk. The proper judgment of the court is, *that the trustees be discharged*, and upon that judgment each trustee is entitled to his separate taxation of cost. The recognizance was, therefore, properly taken to each trustee, as security for his separate costs, and no joint action can be sustained on the recognizance. The records of that court should be corrected so that each trustee may have his separate judgment for costs. In that event, the remedy upon this recognizance is not attended with any difficulty. We have no occasion to examine the authorities

as to the proper parties in actions on covenants, as this whole matter is determined by the construction of the statutes in relation to the trustee process.

The declaration is adjudged insufficient, and the judgment of the county court is affirmed.